Filed 12/31/24 P. v. Diaz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B329239 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA475327) |
| v. | |
| LUIS EDEN DIAZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge. Affirmed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Luis Eden Diaz appeals from the judgment imposed after this court remanded the matter for resentencing. (*People v. Diaz* (Sept. 27, 2022, B314923) [nonpub. opn.].) Diaz's counsel has asked us to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

The underlying charges were based on allegations that Diaz sexually abused four of his wife's granddaughters between 2002 and 2018. In 2021, a jury found Diaz guilty of sexual intercourse or sodomy with a child under the age of 10 (Pen. Code, § 288.7, subd. (a); count 2);[1] oral copulation or sexual penetration with a child under the age of 10 against M.Y. (§ 288.7, subd. (b); count 3); lewd act upon a child against M.Y. (§ 288, subd. (a); counts 4, 5); lewd act upon a child under the age of 14 against M.R. (§ 288, subd. (a); counts 6, 7, 8, 9); lewd act upon a child against B.Y. (§ 288, subd. (a); counts 10, 11); and continuous sexual abuse of a child against K.H. (§ 288.5, subd. (a); count 12).

On counts 4 through 12, the jury also found true the allegation that Diaz committed a violation of section 288, subdivision (a) against more than one victim, within the meaning of the One Strike law, section 667.61, subdivisions (b) and (e). The trial court sentenced Diaz to an aggregate state prison term of 175 years to life, consisting of the following consecutive terms: 25 years to life on count 2 (§ 288.7, subd. (a)); 15 years to life on count 3 (§ 288.7, subd. (b)); 15 years to life on counts 4 to 11, pursuant to the One Strike law (§§ 288, subd. (a), 667.61, subds. (b), (c)(8), (e)(4)); and 15 years to life on count 12, pursuant to the One Strike law (§§ 288.5, subd. (a), 667.61, subds. (c)(9),

---

[1]     All undesignated statutory references are to the Penal Code.

(e)(4)).  The trial court awarded Diaz 1,062 days of presentence credits, consisting of 924 days of actual credit and 138 days of conduct credit.

In the prior appeal, Diaz contended the application of the One Strike law to the conviction for continuous sexual abuse of a child (count 12) violated the federal and California constitutional prohibitions against ex post facto laws.  This court held that because of the ex post facto prohibition, it was necessary for the jury to find at least one act supporting the conviction occurred after a specific date.  The jury was not asked to make such findings, and we concluded we could not determine the error was harmless beyond a reasonable doubt.  We therefore vacated the sentence as to count 12 and remanded for resentencing.  We directed the trial court to resentence Diaz on count 12 without application of the One Strike law.  We also struck 138 days of conduct credit Diaz had received, concluding he was ineligible for such credits since he was sentenced under the One Strike law.

In March 2023, the trial court conducted a resentencing hearing pursuant to this court's remand.  Diaz was present.  The court again elected to impose consecutive sentences, explaining numerous factors that contributed to the egregiousness of Diaz's conduct, including his relationship with the victims, the victims' vulnerability that exceeded the vulnerability inherent in the crimes, and Diaz's lack of remorse and the high degree of callousness he demonstrated, making him a significant threat to the community.  The court reinstated the previously imposed sentences as to counts 2 through 11.

As to count 12, the court acknowledged the jury did not make findings related to the count that would support the imposition of the upper term, nor did Diaz have a criminal

3

history that would enable the court to impose the upper term, pursuant to section 1170, subdivision (b)(2). The court imposed the middle term of 12 years, running consecutively. The court again explained that the victims were extremely vulnerable, Diaz's behavior was extremely callous, and Diaz poses a "very real danger to the community as established by his lack of remorse and apparent belief that his predatory actions were natural and justified."

The court thus imposed an aggregate sentence of 160 years to life, plus 12 years. Diaz timely appealed.

Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436. We directed appellant's counsel to send Diaz the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Diaz could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider. Appellate counsel also submitted a declaration stating that he had informed Diaz of his right to file a supplemental brief and had sent the appellate record to a person Diaz had previously designated. Diaz did not submit a supplemental brief.

We have independently examined the record submitted on appeal and are satisfied no arguable issues exist and Diaz's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende, supra*, 25 Cal.3d at pp. 441–442.)

4

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

HANASONO, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.